RANDY RENICK (CA Bar No. 179652)
CORNELIA DAI (CA Bar No. 207435)
SARAH CAYER (CA Bar No. 334166)
**HADSELL STORMER RENICK & DAI LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Email: rrr@hadsellstormer.com
Email: cdai@hadsellstormer.com
Email: scayer@hadsellstormer.com

*Counsel for Plaintiff Andrea Weiss*

[*Additional Counsel on next page*]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Andrea Weiss, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>TriMed, Inc., a California Corporation, and Does 1-10, inclusive,<br>Defendants. | Case No.: ___________<br>**<u>CLASS ACTION</u>**<br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Christian Levis, NJ Bar No. 021492012
Amanda G. Fiorilla, NJ Bar No. 317282020
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Email: clevis@lowey.com
Email: afiorilla@lowey.com

Anthony M. Christina, NJ Bar No. 196262016
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: Tel: (215) 399-4770
Email: achristina@lowey.com

Plaintiff Andrea Weiss ("Plaintiff"), individually and on behalf of all others similarly situated, assert the following against Defendants TriMed, Inc. ("TriMed") based on personal knowledge, where applicable, information and belief, and the investigation of counsel.

**INTRODUCTION**

1. This action arises from a data security incident involving unauthorized access to parts of the network of TriMed, a Santa Clarita, California-based manufacturer of upper and lower orthopedic implants.

2. The data breach occurred between September 13, 2025, and September 21, 2025. During this period, an unauthorized third party accessed parts of TriMed's network where order forms and invoices were stored.

3. The exposed data primarily contained information related to TriMed's hardware and the individuals who received it. However, in some cases, the documentation included personal information such as names, dates of birth, and medical record numbers.

4. TriMed identified suspicious activity within certain systems in September 2025, prompting an investigation to determine the nature and scope of the activity. The forensic investigation confirmed that an unauthorized third party had accessed parts of TriMed's environment between September 13, 2025, and September 21, 2025, during which time files were potentially accessed and acquired.

5. Plaintiff brings this action against TriMed alleging negligence, negligence per se, and breach of implied contract. Plaintiff also seeks monetary damages and injunctive relief to prevent future breaches and to ensure that TriMed implements adequate security measures to protect personal information.

/ / /

/ / /

/ / /

## PARTIES

6. Plaintiff Andrea Weiss is a resident of Santa Clarita, California. She is a patient who received medical devices manufactured by TriMed. The personal information of Plaintiff Weiss was compromised in the data breach that occurred between September 13, 2025, and September 21, 2025.

7. Plaintiff Weiss has experienced significant distress and concern as a result of the data breach. She has spent considerable time and effort attempting to mitigate the potential harm caused by the unauthorized access to her personal information. Plaintiff Weiss continues to be at risk of identity theft and other fraudulent activities due to the breach.

8. Defendant TriMed, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 25195 Ave Tibbitts, Santa Clarita, CA 91355. TriMed is a manufacturer of upper and lower orthopedic implants. TriMed announced a data security incident involving unauthorized access to parts of its network where order forms and invoices were stored. The data breach occurred between September 13, 2025, and September 21, 2025.

9. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege Does Defendants' true names and capacities when ascertained.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The proposed class consists of at least 100 members. Minimal diversity exists because at least one member of the proposed class is a citizen of a state different from Defendant. Specifically, Plaintiff seeks to represent a nationwide class, which includes individuals residing in any state in the United States. The amount in controversy exceeds

$5,000,000 in the aggregate, exclusive of interest and costs.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) because TriMed's principal place of business is in this District.

**FACTUAL BACKGROUND**

12. TriMed is a Santa Clarita, California-based manufacturer of upper and lower orthopedic implants. TriMed announced a data security incident involving unauthorized access to parts of its network where order forms and invoices were stored. The data breach occurred between September 13, 2025, and September 21, 2025.

13. TriMed identified suspicious activity within certain systems in September 2025, prompting an investigation to determine the nature and scope of the activity. The forensic investigation determined that an unauthorized third party had access to parts of its environment between September 13, 2025, and September 21, 2025, during which time, files were potentially accessed and acquired by the unauthorized third party.

14. Plaintiff received a data breach notification from TriMed indicating that her personal information was impacted as part of the data breach, including her name, date of birth, medical record number and insurance information.

15. The exposed data primarily contained information related to the company's hardware and the individuals who received it. TriMed manufactures hardware that is surgically implanted to repair or replace damaged joints. A programmatic and manual review of the exposed files confirmed that they contained information related to that hardware, which would have been ordered on a patient's behalf, including part type, associated installation components such as screws, or the ordering surgeon's name.

16. In certain cases, the documents contained names, dates of birth, and medical record numbers. The sensitivity of this information demands

heightened protection, especially given the potential stigma and misuse of diagnosis and treatment information.

17. The unauthorized access to this information raises significant concerns about the potential for identity theft, fraud, and other misuse of the exposed data. The exposure of such sensitive information can lead to ongoing, imminent, and impending threats of identity theft crimes, fraud, scams, and other misuse of this information, resulting in ongoing monetary loss and economic harm, loss of value of privacy and confidentiality of the stolen information, illegal sales of the compromised information on the black market, mitigation expenses and time spent on credit monitoring, identity theft insurance, credit freezes/unfreezes, expenses and time spent in initiating fraud alerts, contacting third parties, decreased credit scores, lost work time, and other injuries.

18. The exposure of this information also raises concerns about the potential for misuse of diagnosis and treatment information. The unauthorized access to this information can lead to stigma and discrimination, as well as potential misuse by third parties for fraudulent purposes. The exposure of this information can also lead to a heightened security concern for the affected individuals, as their information is now at risk of being used for fraudulent purposes.

19. TriMed has a duty to protect the sensitive information of its customers, including personal information and protected health information. This duty includes implementing reasonable security measures to protect this information from unauthorized access and disclosure. The failure to implement such measures can result in liability for negligence, negligence per se, and breach of implied contract

20. The exposure of this information also raises concerns about TriMed's compliance with applicable laws and regulations, including the

Health Insurance Portability and Accountability Act (HIPAA) and the Health Information Technology for Economic and Clinical Health Act (HITECH). These laws and regulations impose specific duties on covered entities to protect the privacy and security of protected health information.

21. The exposure of this information also raises concerns about TriMed's compliance with its contractual obligations to its customers. These obligations may include duties to protect the confidentiality and security of personal information and protected health information.

22. The exposure of this information also raises concerns about TriMed's compliance with its duty of care to its customers. This duty includes implementing reasonable security measures to protect this information from unauthorized access and disclosure. The failure to implement such measures can result in liability for negligence and negligence per se.

23. The exposure of this information also raises concerns about TriMed's compliance with its duty to mitigate the harm caused by the data breach. This duty includes notifying affected individuals of the data breach and providing them with information about the steps they can take to protect themselves from potential harm.

24. The exposure of this information also raises concerns about TriMed's compliance with its duty to prevent future data breaches. This duty includes implementing reasonable security measures to protect this information from unauthorized access and disclosure. The failure to implement such measures can result in liability for declaratory and injunctive relief.

25. The exposure of this information also raises concerns about TriMed's compliance with its duty to compensate affected individuals for the harm caused by the data breach. This duty includes providing affected individuals with monetary damages for the harm caused by the data breach.

/ / /

### A. Dark Web Value and Fraud Risks

26. The unauthorized third party accessed TriMed's network between September 13, 2025, and September 21, 2025, potentially acquiring sensitive information. This data, once exposed, can quickly find its way into criminal marketplaces on the dark web, where it is bought and sold for illicit purposes. The dark web's encrypted nature makes it difficult for law enforcement to police, allowing criminals to conceal their identities and activities.

27. The compromised data includes names, dates of birth, and medical record numbers, which are highly valuable on the dark web. This type of personal information can be used to perpetrate fraud and identity theft, making it a lucrative target for cybercriminals. The market value of such data is significant, with medical information often commanding high prices due to its sensitivity and the potential for extensive misuse.

28. Once the stolen data is available on the dark web, individuals whose information was compromised face a substantial risk of identity theft and financial fraud. Criminals can use this information to open new accounts, apply for loans, or file false tax returns, all in the victims' names. This can lead to long-term financial damage and significant stress for the affected individuals.

29. The burden of mitigating these risks falls heavily on the victims, who must monitor their credit and personal information for signs of fraudulent activity. This ongoing vigilance can be time-consuming and emotionally taxing, as the threat of identity theft persists long after the initial data breach. The potential for future harm remains high, as stolen data can be used repeatedly by criminals over an extended period.

### B. Notification Duties and Regulatory Expectations

30. TriMed identified suspicious activity within certain systems in September 2025, prompting an investigation to determine the nature and scope of the activity. The forensic investigation determined that an unauthorized third

party had access to parts of its environment between September 13, 2025, and September 21, 2025, during which time, files were potentially accessed and acquired by the unauthorized third party.

31. TriMed had a legal duty to notify affected individuals promptly upon discovering the breach. This duty arises from both statutory requirements and industry standards that mandate the protection of confidential data. The notification should have included details about the nature of the breach, the types of information potentially accessed, and steps that individuals could take to protect themselves from potential harm.

32. The notification provided to consumers was incomplete and failed to address the full scope of the breach. Specifically, the notice did not fully disclose the extent of the information that was accessed, nor did it provide clear instructions on how individuals could mitigate the risks associated with the breach. This lack of comprehensive disclosure left consumers uncertain about the potential impact on their personal information.

33. The delayed and incomplete notification increased the burden and risk for consumers. By not providing timely and detailed information, TriMed prevented individuals from taking immediate steps to protect their personal information, such as monitoring credit reports or changing passwords. This delay exacerbated the potential for identity theft and other forms of fraud.

**C. FTC Act Section 5 Duties**

34. Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, imposes a duty on businesses to refrain from engaging in unfair or deceptive practices in or affecting commerce. This duty includes the obligation to implement reasonable measures to protect personal information from unauthorized access. The FTC has clarified that failing to employ reasonable and appropriate measures to safeguard confidential consumer data constitutes an unfair act or practice prohibited by Section 5.

35. To meet their data security obligations under Section 5, businesses must adopt concrete security practices. These practices include monitoring for suspicious activity on their networks, verifying that third-party service providers have implemented reasonable security measures, and having a response plan ready in the event of a breach. Additionally, businesses should limit access to sensitive data, require complex passwords, and use industry-tested methods for security.

36. TriMed identified suspicious activity within certain systems in September 2025, prompting an investigation. The forensic investigation determined that an unauthorized third party had accessed parts of TriMed's environment between September 13, 2025, and September 21, 2025. During this period, files containing personal information were potentially accessed and acquired by the unauthorized third party. This incident suggests that TriMed may have failed to implement reasonable measures to protect personal information, as required by Section 5 of the FTC Act.

37. The data breach at TriMed resulted in the unauthorized access to personal information, including names, dates of birth, and medical record numbers. This breach exposed consumers to potential harm, such as identity theft and fraud. Furthermore, the persistence of security vulnerabilities at TriMed continues to put consumers at risk of future breaches and unauthorized access to their personal information.

/ / /

/ / /

/ / /

## CLASS ALLEGATIONS

38. Plaintiff brings this lawsuit individually and, under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3), and/or (c)(4),m as a representative of the following class and subclass:

> Nationwide Class: All individuals residing in the United States whose personal information was compromised in the TriMed data breach that occurred between September 13, 2025, and September 21, 2025; and
>
> California Subclass: All residents of California whose personal information was compromised in the TriMed data breach that occurred between September 13, 2025, and September 21, 2025.

39. Plaintiff reserves the right to modify the description of the class and subclass and to later designate additional subclasses based on the results of discovery or otherwise.

40. The members of the class and subclass are so numerous that joinder of all members is impracticable. The exact number of class members is unknown at this time, but it is believed to be in the thousands. The identities of class members and subclass members are ascertainable through TriMed's records.

41. Common questions of law and fact exist as to all class and subclass members and predominate over any questions affecting only individual class members. These common questions include whether TriMed had a duty to implement and maintain reasonable security procedures and practices to protect class members' personal information from unauthorized access and disclosure. Additionally, there are common questions regarding whether TriMed's security measures were adequate and whether TriMed's failure to implement adequate security measures allowed the data breach to occur.

42. Plaintiff's claims are typical of the claims of the class and subclass members. Plaintiff, like all proposed members of the class and subclass, had her

personal information compromised in the data breach. Plaintiff and the class and subclass members were injured by the same wrongful acts, practices, and omissions committed by TriMed, as described herein. Plaintiff's claims therefore arise from the same practices or courses of conduct that give rise to the claims of all class members and subclass members.

43. Plaintiff will fairly and adequately protect the interests of the class and subclass members. Plaintiff is an adequate representative of the class and subclass and has no interests adverse to, or conflict with, the class or subclass she seeks to represent. Plaintiff has retained counsel with substantial experience and success in the prosecution of complex consumer protection class actions of this nature.

44. A class action is the superior—and only realistic—mechanism to fairly and efficiently adjudicate Plaintiff's and other class and subclass members' claims. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult, if not impossible, for class and subclass members individually to effectively redress TriMed's wrongdoing.

## TOLLING OF THE STATUTES OF LIMITATIONS

45. Plaintiff Andrea Weiss could not have filed this complaint earlier in time because she was unaware of the data breach until notified by TriMed. TriMed did not discover the suspicious activity until September 2025, and it took time to investigate the nature and scope of the incident.

46. The technical nature of the data breach and the time required for TriMed to conduct a thorough forensic investigation created a barrier to earlier discovery. The investigation determined that an unauthorized third party had accessed parts of TriMed's network between September 13, 2025, and September 21, 2025.

47. The files potentially accessed and acquired by the unauthorized third party contained sensitive information related to orthopedic implants, including part types, associated installation components, and, in some cases, personal information such as names, dates of birth, and medical record numbers.

48. Plaintiff Weiss had no reason to suspect that her personal information had been compromised prior to receiving notice from TriMed. She relied on TriMed's representations that her information would be kept secure.

49. The delay in discovering the breach and notifying affected individuals is a result of the complex and hidden nature of the unauthorized access. TriMed's investigation was necessary to understand the extent of the breach and to take appropriate remedial actions.

50. Plaintiff Weiss has been diligent in investigating TriMed's conduct and the impact of the data breach on her personal information. She has taken reasonable steps to mitigate any potential harm resulting from the breach.

51. The statute of limitations is tolled due to the delayed discovery rule. Plaintiff Weiss did not know, and had no way of knowing, that her personal information was accessed and potentially compromised until notified by TriMed.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
**Negligence**

52. Plaintiff Weiss realleges and incorporates by reference the allegations contained in paragraphs 1 through 51.

53. TriMed owed a duty of care to Plaintiff to implement and maintain reasonable security measures to protect the personal information it collected and maintained.

54. TriMed breached this duty of care by failing to implement and

maintain adequate security measures to safeguard Plaintiff's personal information. Specifically, TriMed failed to detect and prevent unauthorized access to its network between September 13, 2025, and September 21, 2025, allowing an unauthorized third party to access and potentially acquire files containing Plaintiff's personal information.

55. TriMed's breach of duty was the proximate cause of harm to Plaintiff. As a result of the data breach, Plaintiff's personal information, including her name, date of birth, and medical record number, was exposed to an unauthorized third party. Plaintiff has suffered and will continue to suffer harm, including the increased risk of identity theft, fraud, and other unauthorized use of her personal information.

56. TriMed had actual or constructive knowledge of the risk of harm to Plaintiff and other similarly situated individuals, and its conduct was willful, oppressive, or malicious.

57. As a direct and proximate result of TriMed's negligent conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to:

58. a. The loss of the value of her personal information;

59. b. The cost of monitoring her credit and financial accounts to mitigate the risk of identity theft and fraud;

60. c. The time and effort spent addressing the consequences of the data breach;

61. d. The emotional distress, anxiety, and inconvenience caused by the data breach;

62. e. The increased risk of future harm, including identity theft, fraud, and other unauthorized use of her personal information.

63. Plaintiff is entitled to compensatory damages, including but not limited to, the damages described above.

64. Plaintiff is also entitled to an award of punitive damages against TriMed for its willful, oppressive, or malicious conduct.

65. Plaintiff is entitled to an award of her costs of suit and reasonable attorney's fees, as provided by law.

66. Plaintiff is entitled to such other and further relief as the Court deems just and proper.

## <u>SECOND CLAIM FOR RELIEF</u>

### Negligence Per Se

67. Plaintiff Weiss realleges and incorporates by reference the allegations contained in paragraphs 1 through 51.

68. Plaintiff Weiss brings this claim for negligence per se against TriMed for its failure to comply with applicable laws and regulations designed to protect personal information.

69. TriMed had a duty to comply with the FTC Act, which imposes a duty on businesses to refrain from engaging in unfair or deceptive practices in or affecting commerce. This duty includes the obligation to implement reasonable measures to protect personal information from unauthorized access.

70. TriMed had a duty to comply with the Health Insurance Portability and Accountability Act (HIPAA) and the Health Information Technology for Economic and Clinical Health Act (HITECH). These laws and regulations impose specific duties on covered entities to protect the privacy and security of protected health information.

71. TriMed had a duty to comply with the California Confidentiality of Medical Information Act ("CMIA"), which requires the protection of medical information. Cal. Civ. Code § 56.10. The CMIA mandates that medical information may not be disclosed without the prior written authorization of the patient.

/ / /

72. TriMed breached this duty by failing to implement and maintain reasonable security measures to protect the personal information of Plaintiff and other affected individuals. Specifically, TriMed allowed an unauthorized third party to gain access to parts of its network where order forms and invoices were stored, including personal information such as names, dates of birth, and medical record numbers.

73. TriMed's breach of its duty under the FTC Act, HIPAA, HITECH Act, and CMIA was the proximate cause of the harm suffered by Plaintiff. As a result of the data breach, Plaintiff has suffered and will continue to suffer damages, including but not limited to, the increased risk of identity theft, invasion of privacy, and the loss of control over the use of her identity.

74. TriMed's conduct constitutes negligence per se because it violated a statute designed to protect the public from the very type of harm that Plaintiff suffered. Therefore, Plaintiff is entitled to recover damages for TriMed's negligence per se.

75. Plaintiff seeks compensatory damages, including but not limited to, damages for the increased risk of identity theft, invasion of privacy, and the loss of control over the use of her identity. Plaintiff also seeks injunctive relief requiring TriMed to strengthen its data security systems and monitoring procedures to prevent future breaches.

## THIRD CLAIM FOR RELIEF
**Breach of Implied Contract**

76. Plaintiff Weiss realleges and incorporates by reference the allegations contained in paragraphs 1 through 51.

77. Plaintiff Weiss alleges that an implied contract existed between her and TriMed based on the mutual understanding and expectations that TriMed would safeguard her personal information provided in connection with her

medical treatment. This implied contract arose from the circumstances surrounding the provision of medical services and the handling of sensitive personal information.

78. As a condition of receiving medical services involving TriMed's orthopedic implants, Plaintiff was required to provide her personal information to TriMed. This information included her name, date of birth, and medical record number, which were necessary for the ordering and installation of the implants.

79. Plaintiff provided her personal information to TriMed with the reasonable expectation that TriMed would implement and maintain adequate security measures to protect this information from unauthorized access and disclosure. This expectation was based on industry standards and the implicit understanding that healthcare providers and related entities would handle sensitive personal information with due care and diligence.

80. TriMed breached this implied contract by failing to implement and maintain reasonable security measures to protect Plaintiff's personal information. Specifically, TriMed allowed an unauthorized third party to access parts of its network between September 13, 2025, and September 21, 2025, during which time files containing Plaintiff's personal information were potentially accessed and acquired.

81. As a direct and proximate result of TriMed's breach of the implied contract, Plaintiff has suffered and continues to suffer harm, including but not limited to, the increased risk of identity theft, fraud, and other unauthorized use of her personal information. Plaintiff has also incurred and will continue to incur expenses and efforts to mitigate the potential damages resulting from the breach.

82. Plaintiff seeks compensatory damages for the harm suffered as a result of TriMed's breach of the implied contract. Additionally, Plaintiff seeks

injunctive relief requiring TriMed to implement and maintain adequate security measures to protect Plaintiff's personal information from future breaches.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court:

A. Certify this case as a class action, and appoint Plaintiff as Class Representatives and the undersigned attorneys as Class Counsel;

B. Enter judgment in favor of Plaintiff and the Class;

C. Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and Class members, including reformation of practices and an accounting and purging of wrongfully obtained personal information;

D. Award all actual, general, special, incidental, statutory, treble, punitive, liquidated, and consequential damages and/or restitution to which Plaintiff and Class members are entitled;

E. Award disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein;

F. Award Plaintiff and Class members pre- and post-judgment interest as provided by law;

G. Enter such other orders as may be necessary to restore to Plaintiff and Class members any money and property acquired by Defendants through their wrongful conduct;

H. Award Plaintiff and Class members reasonable litigation expenses and attorneys' fees as permitted by law; and

I. Award such other and further relief as the Court deems necessary and appropriate.

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: April 16, 2026

Respectfully submitted,

**HADSELL STORMER RENICK & DAI LLP**

**LOWEY DANNENBERG, P.C.**

*/s/ Randy Renick*
Randy Renick
Cornelia Dai
Sarah Cayer

**HADSELL STORMER RENICK & DAI LLP**
Christian Levis
Amanda G. Fiorilla
Anthony M. Christina

**LOWEY DANNENBERG, P.C.**